COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

February 27, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| WILLIAM JOSEPH BELLAMY | ) | TENNESSEE CLAIMS COMMISSION |
| | ) | 03A01-9701-BC-00035 |
| Claimant-Appellant | ) | |
| | ) | |
| | ) | |
| v. | ) | HON. MICHAEL S. LACY, |
| | ) | Commissioner, Eastern Division |
| | ) | |
| STATE OF TENNESSEE | ) | |
| | ) | |
| Defendant-Appellee | ) | AFFIRMED AND REMANDED |

JOHN W. CLEVELAND OF SWEETWATER FOR APPELLANT

JOHN KNOX WALKUP, Attorney General and Reporter, and DAVID T. WHITEFIELD, Senior Counsel, Civil Rights and Claims Division, Nashville, For Appellee

O P I N I O N

Goddard, P.J.

William Joseph Bellamy appeals a summary judgment granted in the favor of the State of Tennessee in his suit which, according to the notice of claim filed with the Tennessee Claims Commission by his attorney, stated his cause of action as follows:

Mr. Bellamy was arrested in Monroe County, Tennessee in December, 1985 upon authority of a State warrant out of Davidson County taken by Ricky Reynolds as prosecutor and alleging that Mr. Bellamy had escaped from the Tennessee State Penitentiary. This warrant was based upon an affidavit which had been executed by Mr. Reynolds some four (4) years previous to issuance of the warrant. The charges alleged had in fact been disposed of administratively in the Department of Corrections prior to the time of Mr. Bellamy's release from the penitentiary. He was held in jail for several days as will be shown on the jail docket books which will be supplied when made available by the Sheriff's Department of Monroe County. Because of his incarceration, Mr. Bellamy was not able to appear to begin employment with a newspaper and lost that job opportunity as a result of his incarceration. A copy of the affidavit of Bobby Joe James setting forth this fact is attached as an Exhibit to this claim.

Essentially, this claim is based upon the negligence of Mr. Reynolds in failing to withdraw the warrant from circulation and allowing it to result in the false arrest and imprisonment of William Joseph Bellamy for a significant period of time, including Christmas, of 1985. Further supporting documentation will be forwarded to you as soon as it is received from Mr. James and the Sheriff's Department.

The claim was filed with the Division of Claims Administration and by its Claims Manager--in an apparent effort to expedite disposition--transferred the claim to the Claims Commission pursuant to T.C.A. 9-8-402(c) by order entered on March 25, 1987.

The State filed a motion seeking summary judgment and the Claims Commissioner, based upon the record and the discovery deposition of Mr. Bellamy, sustained the State's motion and entered a succinct order which we copy verbatim:

2

This claim is before the Commissioner of the Claims Commission of the State of Tennessee, Eastern Division, upon the State's Motion for Summary Judgment, Mr. Bellamy's Response, and upon the record as a whole.

The parties have no dispute with respect to any genuine issue of material fact.  The facts as alleged by Mr. Bellamy fail to constitute a cause of action subject to the jurisdiction of the Commission.  The State's Motion for Summary Judgment is hereby GRANTED.

Therefore, it is **ORDERED** that this claim be and hereby is **DISMISSED.**

The Claims Commissioner was accurate in stating that the material facts are undisputed, and we adopt the statement thereof contained in Mr. Bellamy's brief:

In 1981, the Claimant, William Joseph Bellamy, was incarcerated in the Main Prison in Nashville, Tennessee.  In November, 1981, the Claimant was transferred to minimal security custody at CRC (Criminal Rehabilitation Center), a state farm.  The Claimant took a three-day furlough from the CRC to look for a job because his release date was approaching.  On November 28, 1981, the Claimant was four hours late returning from his pass.  During the four hours before the Claimant returned, Ricky Reynolds, an employee of the Tennessee Department of Corrections, appeared before a commissioner of the Metropolitan General Sessions Court, and swore out a warrant against the Claimant for escape, alleging that the "subject failed to return this date after furlough as scheduled." Thirty days were added to the Claimant's release date as administrative punishment.  The Claimant was released from prison on January 6, 1982.

On or about December 17, 1985, a Monroe County sheriff's deputy came to pick up the Claimant on the escape warrant issued at the request of the Department of Corrections.  The Claimant explained that he had already been punished for being late from furlough, and the deputy returned to the jail to investigate the Claimant explanation.  The next day, the deputy returned and arrested the Claimant on the escape warrant.  After the Claimant had been incarcerated in the Monroe County Jail seven days, the Sheriff called a

3

lieutenant in Nashville, who instructed the Sheriff to release the Claimant.

It is the insistence of Mr. Bellamy that the facts bring his claim within the jurisdiction of the Claims Commission by virtue of T.C.A. 9-8-307,[1] because he was negligently deprived of his constitutional rights by being subjected to double jeopardy and by being deprived of due process under both the Constitution of the United States and that of Tennessee.

As to the double jeopardy aspect of his insistence, we point out that even if we consider the administrative discipline of Mr. Bellamy as a punishment for his failure to return on time from being released temporarily to seek employment as punishment--and this assumption appears to be untenable[2]--Mr. Bellamy was never placed in jeopardy as to the warrant which issued. As a general rule, jeopardy only attaches when a defendant is brought to trial. Crist v. Bretz, 437 U.S. 28, 98 S.Ct. 2156 (1978).

---

[1] **9-8-307. Jurisdiction -- Claims -- Waiver of actions -- Standard for tort liability -- Damages -- Immunities -- Definitions -- Transfer of claims.--** (a)(1) The commission or each commissioner sitting individually has exclusive jurisdiction to determine all monetary claims against the state falling within one (1) or more of the following categories:

. . . .

(N) Negligent deprivation of statutory rights, except for actions arising out of claims over which the civil service commission has jurisdiction.

[2] Ray v. State, 577 S.W.2d 681 (Tenn.Crim.App.1978), holds that "administrative disciplinary action by prison authorities does not preclude prosecution for escape on principles of double jeopardy."

As to the due process claim, we agree with the State that the Monroe County officer was required to execute the warrant delivered to him. We also observe that the penal official did not have authority to withdraw the warrant, such authority resting exclusively with the Judge of the issuing Court.

Before concluding, we note that the last responsive pleading to the State's motion for summary judgment was filed on December 4, 1991, and the order granting the motion was not entered until December 17, 1996. While there may be some good reason for the apparently unseemly delay of over five years before the cursory order granting summary judgment was entered, no such reason is apparent in the record.

For the foregoing reasons the judgment of the Claims Commissioner is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against Mr. Bellamy.

_____
Houston M. Goddard, P.J.

CONCUR:


_____
Herschel P. Franks, J.


_____
Don T. McMurray, J.